UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-170-R

RICHARD B. McKINNY                                                                                      PETITIONER

v.

FEDERAL INVESTIGATORS                                                                         RESPONDENTS

MEMORANDUM OPINION

The petitioner, Richard B. McKinny, commenced the instant action by filing a handwritten document which states that he believes that he was threatened in a Caldwell County courtroom and unfairly indicted on a persistent felony offender charge. McKinny states, "I am pleading for an investigator on a federal level to interview me." Because McKinny seeks action by an officer or employee of the United States to perform a function, the Court construes the document as a petition for writ of mandamus.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir.

2006)).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.

This Court does not have the power to compel by mandamus federal authorities to investigate or prosecute any party.  *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970) (mandamus held not proper to compel the Attorney General or the United States Attorney to prosecute known civil rights violators, to alter the scope of their investigations, or to conduct particular investigations); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.  Mandamus will not lie to control the exercise of this discretion."  *Peek*, 419 F.2d at 577 (quoting *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965)).

Because the Court lacks the authority to order that a federal investigation be conducted, the Court lacks subject-matter jurisdiction over this action, and it will be dismissed under Fed. R. Civ. P. 12(h)(3).  The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
4413.010